140 N.J. Super. 386 (1976)
356 A.2d 411
NORMAN SANDER, PLAINTIFF-RESPONDENT AND CROSS-APPELLANT,
v.
PLANNING BOARD OF THE TOWNSHIP OF WARREN, DEFENDANT-APPELLANT AND CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted February 23, 1976.
Decided March 17, 1976.
*389 Before Judges FRITZ, SEIDMAN and MILMED.
Mr. Salvador Diana, attorney for appellant and cross-respondent.
Messrs. McDonough, Murray & Korn, attorneys for respondent and cross-appellant (Mr. Joseph E. Murray on the brief).
The opinion of the court was delivered by SEIDMAN, J.A.D.
Plaintiff, the owner of residential premises in Warren Township, installed a 100-foot-high radio tower in his back yard without first having obtained a building permit. Following a municipal court proceeding resulting therefrom, in which plaintiff pleaded guilty to a charge of violating the pertinent local ordinance, plaintiff applied for a building permit. It was denied on the ground that the radio tower was intended to be used by him in part for communicating with his vehicles in connection with the operation of his business, thus constituting a commercial use not permitted in the rural residential zone in which his premises were situated.
Plaintiff then sought a use variance from the board of adjustment, consideration of which was withheld pending his obtaining site plan approval from the planning board of the municipality. Application was made for such approval. A public hearing was held therein, at the conclusion of which the planning board adopted and transmitted to the board of adjustment a resolution approving the site plan. But it also forwarded an unsolicited letter, together with a report from *390 its planning consultant, recommending that the variance be denied "because of the reasons stated in the letter by John Chadwick [the consultant], especially because the proposed use would constitute a commercial use in a residential zone and could create an unfavorable precedent with reference thereto."
Apparently an appeal was then taken to the township committee, which disclaimed jurisdiction to hear it. This was followed by the filing of a complaint in lieu of prerogative writs, challenging the authority of the planning board to make such recommendation under the local zoning ordinance, and asserting in addition that plaintiff was accorded no opportunity to cross-examine the author of the accompanying report.
After hearing the matter the trial judge entered judgment (1) rescinding the "memorandum recommendation" of the planning board; (2) remanding it to the planning board for the purpose of holding a public hearing thereon upon notice to plaintiff, at which the planning board would present witnesses in furtherance of the recommendation and plaintiff would have full opportunity to cross-examine them, after which the planning board would submit to the board of adjustment such recommendation as it determined to be advisable; (3) retaining as "valid binding action" of the planning board the site plan resolution; and (4) declaring that the planning board "shall have the authority to make non-binding recommendations to the Board of Adjustment concerning required variances when reviewing site plan applications which are subject to variances being granted by the Board of Adjustment." Jurisdiction was retained by the trial court until the expiration of 45 days from the final action of the planning board.
The planning board appealed from that portion of the judgment rescinding its recommendation and remanding the matter for a testimonial hearing. Plaintiff cross-appealed from the portions of the judgment remanding the recommendation to the planning board and holding that the *391 board had authority to make non-binding recommendations regarding variances when considering site plan applications subject to the granting of such variances. Their respective contentions are these: The planning board argues that (1) it has authority to "make recommendations to a board of adjustment concerning matters which have been referred to [it] pursuant to statute and ordinance," and (2) its action did not deprive plaintiff of due process, so that a remand was not required. Plaintiff asserts that (1) the local site plan ordinance does not grant the planning board the power to make recommendations to the board of adjustment on variance applications, (2) he was denied due process, and (3) the matter should not have been remanded to the planning board by the trial judge.
It is to initially be observed that neither party raises the issue of whether, in view of the remand and retention of jurisdiction by the trial court, the judgment is interlocutory in nature and thus not appealable except by leave granted. R. 2:2-4. In any case, to the extent necessary, we hereby grant such leave nunc pro tunc. R. 2:4-4(b) (2).
Another pertinent comment is that the problem encountered here would have been avoided had the board of adjustment considered and determined the variance application without first requiring site plan approval from the planning board, for a rejection of the variance sought would necessarily have obviated any further need for site plan approval. More to the point, however, is that we recently expressed our disapproval of a municipal zoning ordinance which, in the case of use variance applications, required site plan approval by the planning board as a prerequisite to the hearing and determination of the application by the board of adjustment. Bederson v. Ocean Tp., 134 N.J. Super. 9 (App. Div. 1975). Site plan approval may, of course, be delegated to a planning board. See Wilson v. Mountainside, 42 N.J. 426, 446 (1964); Kozesnik v. Montgomery Tp., 24 N.J. 154, 184 (1957). Cf. Hill Homeowners v. Passaic Zoning Bd. Adj., 134 N.J. Super. 107, 109 (App. Div. 1975). *392 Statutory authority therefor is found in N.J.S.A. 40:55-1.13, which provides that the governing body may by ordinance provide for the reference of any other matter or class of matters to the planning board before final action thereon by any municipal public body or municipal officer having final authority thereon. But, as we said in Bederson,
Moreover, and quite apart from the lack of authority in the municipality to so condition the consideration and determination of a use variance application, practical concerns render the requirement on its face unfairly and unreasonably burdensome and obstructive of the rights of the landowner. Fundamentally, the matter of site plan approval and the various principal considerations relevant thereto do not become material to the development and improvement of a tract of land, unless and until the proposed use is or becomes by ordinance or variance a lawful use of that land. In short, these data are of no significance or value before the right to use the premises for the projected use has first been established and the owner has applied for a building permit. [134 N.J. Super. at 12-13]
The zoning ordinance here does not provide for site plan review and approval as a prerequisite to consideration by the board of adjustment of a use variance application. The provision is merely for such review and approval, in specified cases, prior to the issuance of any building, zoning or occupancy permits by the zoning officer or building inspector, as the case may be. However, since plaintiff, at the direction of the board of adjustment, applied for and obtained site plan approval and does not question on this appeal the validity of the procedure with respect to it, we need not pursue the matter beyond what we have said. Plaintiff's attack is limited to the planning board's recommendation to the board of adjustment that his variance be denied.
In support of its contention that it is vested with authority to make the recommendation here in question, both by the zoning ordinance and statute, the planning board points first to its obligation under the ordinance, in the case of site plan review, to ascertain that all of the terms and conditions of the ordinance are met and to consider how the *393 site plan would affect the criteria set forth in the ordinance, most of which also appear in N.J.S.A. 40:55-32 as the fundamental purposes of zoning, such as congestion in the streets, safety from fire, panic and other dangers, and health, morals or the general welfare. While these considerations are clearly relevant to the determination of whether site plan approval should be granted, we discern nothing in the ordinance which gives the planning board further discretionary authority to recommend to the board of adjustment the rejection of a pending use variance application, an action which it seems to have taken here without any forewarning to plaintiff. Except for site plan review and in the case of special use permits, there is no other provision for the referral of matters to the planning board for review and recommendation or other action. Moreover, as we indicated above, a site plan review application should not properly come to the planning board unless and until a required use variance has been approved by the governing body after favorable recommendation by the board of adjustment. Consequently, there would be no occasion for the planning board under the ordinance here to consider the matter sooner. Loechner v. Campoli, 49 N.J. 504, 512 (1967), is entirely distinguishable. It is evident, therefore, that to the extent the trial judge implied a community of interest between the planning board and the board of adjustment in determining whether a use variance should be recommended to the governing body, he was mistaken in holding that the planning board in this case had "the authority to make non-binding recommendations to the Board of Adjustment concerning required variances when reviewing site plan applications which are subject to variances being granted by the Board of Adjustment."
The further argument is advanced that the planning board's authority to make such recommendation is derived from N.J.S.A. 40:55-1.13, which, in addition to permitting a governing body by ordinance to provide for referrals, also grants such boards "full power and authority to make such investigations, maps and reports and recommendations in *394 connection therewith relating to the planning and physical development of the municipality as it deems desirable." The board's reliance on this clause is misplaced. It must be read in the context of the "broad basic design of section 13 is to require review and recommendation by the planning board, in a municipality where any portion of a master plan has been adopted, before any public project therein is undertaken by the governing body, school board or any public agency, federal, state, county or municipal." Saddle River Country Day School v. Saddle River, 51 N.J. Super. 589, 602 (App. Div. 1958), aff'd o.b. 29 N.J. 468 (1959).
We do not mean to imply that a board of adjustment may not solicit the views of the planning board in its consideration of a use variance application, nor do we take the position that a planning board may not intervene on its own initiative in a matter pending before a board of adjustment, provided, of course, the due process rights of the applicant are not offended. These issues are not before us and we need express no opinion thereon.
But in this case, assuming that the planning board's adverse recommendation was within its authority, the impropriety of submitting it to the board of adjustment for consideration in the use variance hearing is obvious. It constituted an intrusion into a quasi-judicial proceeding which the applicant would be unable to meet effectively in the absence of an opportunity to cross-examine the author of the accompanying report. Fundamental fairness demands an opportunity to test the trustworthiness of evidence adduced before an administrative agency and to explain or rebut it. Cf. Abelsons, Inc. v. City of Newark, 83 N.J. Super. 205, 209 (App. Div. 1964). For these reasons, we concur in that portion of the judgment which "rescinded" the memorandum recommendation. But we disapprove of the remand of the matter to the planning board for the holding of a public hearing. Beyond what we have already said on the subject, the absurdity of burdening plaintiff with what would be tantamount to two hearings on the same issue before different *395 agencies is apparent. It is obvious that the hearing on the use variance should be before the board of adjustment, the body charged by statute with the responsibility of determining whether the non-conforming use should be permitted, and not the planning board.
We accordingly affirm only so much of the judgment as "rescinds" the memorandum decision of the planning board and "retains as valid binding action" the site plan resolution submitted by the planning board. In all other respects, the judgment is reversed. We direct that the use variance application now proceed to hearing before the board of adjustment.