174 N.J. Super. 548 (1980)
417 A.2d 72
JAMES SEIBERT, PLAINTIFF,
v.
DOVER TOWNSHIP BOARD OF ADJUSTMENT, DEFENDANT.
Superior Court of New Jersey, Law Division Ocean County.
Decided May 29, 1980.
*549 Harvey L. York for plaintiff (Novins, Farley, Grossman & York, attorneys).
Edward M. Oles for defendant (Doyle & Oles, attorneys).
HAVEY, J.S.C.
In this action in lieu of prerogative writs plaintiff James Seibert seeks a reversal of defendant Dover Township Zoning *550 Board of Adjustment's denial of a special reasons variance application for the construction of 44 townhouses on property located in Dover Township, Ocean County, New Jersey. Plaintiff argues that he met all of the statutory criteria under N.J.S.A. 40:55D-70(d) to support his application. He asserts that defendant board's actions were arbitrary and were based on consideration not properly before the board. In particular he relies upon the submission in evidence of a written petition signed by over 200 persons opposing his application as evidence of the board's arbitrariness. That petition set forth six reasons why the plaintiff's application should be denied. The six reasons were:
(1) Multi-family use dwellings are not permitted in this zone.
(2) The increased number of units to be developed as a result of this variance is counter to the established use of this land and its aesthetic character.
(3) One-acre zoned single-unit land should not be converted to multi-family condominiums.
(4) We reside in close proximity to this proposed development, and such a project would decrease our property values, as has happened in similar developments in surrounding communities.
(5) The density of the population that would result is higher than allowed in this zone.
(6) Condominium units, unless specifically senior citizen developments, have had a history of rental-investment conflict and suburban blight in parts of Ocean County.
The propriety of the board's acceptance of the petition as part of the record is raised as the primary issue for disposition by this court. This question must be resolved before the court considers the substantive issues involved in this special reasons application.
Prior to the adoption of the Municipal Land Use Law, N.J.S.A. 40:55D-1 et seq., the procedural criteria for regulating a hearing before a zoning board of adjustment were contained in N.J.S.A. 40:55-37 and N.J.S.A. 40:55-38. These sections lend no guidance in determining whether a board could hear and decide a case on evidence ordinarily not admissible under rules of evidence. In Kenwood Assoc. v. Englewood Bd. of Adj., 141 N.J. Super. 1 (App.Div. 1976), the court stated:

*551 Boards of adjustment are not controlled by the strict rules of evidence and procedure applicable to courts. See Kramer v. Sea Girt Bd. of Adj., supra, 45 N.J. at 284. Hence, even if the evidence would not be normally admissible in a formal judicial proceeding, its admission in a board of adjustment hearing cannot impair the validity of the board's determination, so long as the record supports the ultimate conclusion. [at 7].
The court in Kenwood found nothing improper in a planning board member presenting his views at a variance hearing before the board of adjustment. Contra, Hill Homeowners v. Passaic Zoning Bd. of Adj., 129 N.J. Super. 170 (Law Div. 1974), aff'd 134 N.J. Super. 107 (App.Div. 1975).
The Supreme Court, in Tomko v. Vissers, 21 N.J. 226 (1956), reversed the granting of a variance by the board of adjustment as being fatally defective where the applicant's proofs consisted of a general discussion of the application, an artist's sketch and a petition signed by 16 persons favoring the application. The court stated:
The statute does not define rules of procedure for an applicant to follow in the presentation of its case, but the rule-making power given the board (R.S. 40:55-37) contemplates that certain standards of guidance will be promulgated to insure an orderly hearing. A rigid formality is neither practical nor necessary. 2 Metzenbaum, Law of Zoning, 870 (1955). [at 238]
The primary responsibility of the applicant is to supply competent and credible evidence to apprise the board of the nature and degree of the zoning burden sought to be alleviated through the variance procedure, and to demonstrate that the contemplated use of the property will not substantially impair the intent and purpose of the zoning plan as a whole nor be inconsistent with any of the purposes of zoning as defined by the Legislature in R.S. 40:55-32. ([Emphasis supplied] at 238);
Historically, the courts have distinguished the procedure before a zoning board of adjustment, acting in a quasi-judicial capacity, requiring competent and credible evidence, from an action which is legislative in nature. Cf. Tomko v. Vissers, supra, and Kozesnik v. Montgomery Tp., 24 N.J. 154, 187 (1957); Kelly v. Hackensack Meadowlands Develop. Comm'n, 172 N.J. Super. 223 (App.Div. 1980). In Kozesnik plaintiff attacked a zoning ordinance as being an unreasonable and arbitrary classification of his property. The court contrasted such a legislative procedure with a zoning board's function.
... But there the board of adjustment sat as a quasi-judicial body, and the review accordingly was upon the record before it. Here the action reviewed is legislative. The hearing accorded in a legislative chamber has a wholly *552 different role from the hearing required in a judicial forum and usually takes a different course. In the legislative inquiry policy views are invited; oath is not required; the rules relating to relevancy, materiality and competency need not be heeded; and opportunity for cross-examination need not be granted; and the hearing need not, and frequently does not, exhaust all of the policy considerations which lead to the final legislative judgment.
Hence, the court inferentially noted the need for confrontation and right of cross-examination in a quasi-judicial proceeding.
The passage of the Municipal Land Use Law, N.J.S.A. 40:55D-1 et seq., codifies for the first time the need for presentation of competent proof either on behalf of or in opposition to an application before a zoning board. The sponsor's statement to the Municipal Land Use Law, when submitted to the Senate for consideration as Senate Bill 3054, best reflects the Legislature's intent:
... It retains all of the present powers of municipalities in these fields but builds onto and incorporates into these powers, the modern concepts of PUD, site plan review and standardizes the procedures to be employed by the various administrative agencies such as boards of adjustment, planning boards, environmental commissions and governing bodies.

Spelling out in detail and unifying the procedures to be followed before the board of adjustment, planning board, etc. [Emphasis supplied].
N.J.S.A. 40:55D-10(c) reads:
The officer presiding at the hearing or such person as he may designate shall have power to administer oaths and issue subpenas to compel the attendance of witnesses and the production of relevant evidence, including witnesses and documents presented by the parties, and the provisions of the "County and Municipal Investigations Law," P.L. 1953, c. 38 (C.2A:67A-1 et seq.) shall apply.
N.J.S.A. 40:55D-10(d) reads:
The testimony of all witnesses relating to an application for development shall be taken under oath or affirmation by the presiding officer, and the right of cross-examination shall be permitted to all interested parties through their attorneys, if represented, or directly, if not represented, subject to the discretion of the presiding officer and to reasonable limitations as to time and number of witnesses.
N.J.S.A. 40:55D-10(e) reads:
Technical rules of evidence shall not be applicacable to the hearing, but the agency may exclude irrelevant, immaterial or unduly repetitious evidence.
Although the technical rules of evidence shall not apply to a zoning board hearing, an applicant should not be deprived of his right to confront a person or a group of persons who set forth reasons why the application should be denied, as we have *553 here. The petition is not under oath or affirmation, nor is there any evidence in the record that any of the petitioners were present to give facts to support the six conclusions set forth in the petition after it was submitted to the board. This obviously precluded plaintiff the opportunity, through counsel, to cross-examine and test the merits of petitioners' objections. Such a petition belongs as part of the legislative or political process where the governing body may be persuaded that a zoning change is appropriate in light of the objections of a substantial number of interested parties, taxpayers and citizens. Expression by petition, for example, against or for a proposed land use in a particular area of the municipality, is recognized under N.J.S.A. 40:55D-63 which reads:
A protest against any proposed amendment or revision of a zoning ordinance may be filed with the municipal clerk, signed by the owners of 20% or more either of the area of the lots or land included in such proposed change, or of the lots or lands extending 200 feet in all directions therefrom inclusive of street space, whether within or without the municipality. Such amendment or revision shall not become effective following the filing of such protest except by the favorable vote of two-thirds of all the members of the governing body of the municipality.
Each of the reasons set forth in the petition in this case may support a finding that the application could not be granted without substantial detriment to the public good and may support a finding that the application would substantially impair the intent and purpose of the zoning plan and zoning ordinance. Plaintiff's attorney was left to refute each of the written allegations of these absent interested parties in order to persuade the board that the proposed use would not have a negative impact on the municipality.
My concern with the presence of the petition is underscored by the fact that defendant board, in its resolution, found that the application could not be granted without substantial detriment to the public good. A careful reading of the transcript reveals little to support this conclusion other than the statements of residents contained in the petition.
The court remands this matter to defendant board and retains jurisdiction. If plaintiff applicant desires to submit additional testimony he may do so, provided that appropriate notice to interested parties is accomplished pursuant to N.J.S.A. 40:55D-12. *554 If plaintiff wishes to rely upon the testimony previously adduced, he may do so. Defendant board shall hear and decide this matter based on the testimony presented and exhibits received by it, excluding the petition. The board's findings for or against plaintiff's application shall be supported by findings of fact and conclusions based thereon pursuant to N.J.S.A. 40:55D-10(g).