BURCAM CORPORATION, A NEW JERSEY CORPORATION, PLAINTIFF, v. PLANNING BOARD OF THE TOWNSHIP OF MEDFORD; TOWNSHIP COMMITTEE OF THE TOWNSHIP OF MEDFORD, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided May 26, 1978.

*Mr. Timothy M. Prime* for plaintiff.

*Mr. Frederick W. Hardt* for defendant Planning Board of the Township of Medford (*Messrs. Sever, Hardt & Main,* attorneys).

*Mr. Thomas Norman* for defendant Township Committee of the Township of Medford.

HAINES, J. S. C. Plaintiff owns a property on Stokes Road in Medford Township, under ten acres in size, for which it sought site plan approval from the township planning board. Plaintiff's application was filed on June 10, 1977. On June 28, 1977 the township adopted an interim site plan ordinance but did not file it with the Burlington County Planning Board. On July 1, 1977 plaintiff supplemented its application by submitting its site plan and an engineer's report. Plaintiff was never advised by the Administrative Officer of Medford Township that its application was complete. However, on August 22, 1977 the planning board held a hearing thereon in which plaintiff participated and at which the board considered recommendations by the township engineers to modify the plan. Plaintiff objected to such consideration because it had no notice of the engineering report and no opportunity to prepare contrary testimony. Defendant offered to continue the hearing to a new date, when plaintiff would be permitted to to present its objections. The offer was refused.

At the hearing plaintiff advised the board that its interim site plan ordinance, as well as its prior ordinance dealing with site plans, had never been filed with the Burlington County Planning Board as required by *N. J. S. A.* 40:55D–16, so that neither was effective, a circumstance of which plaintiff had learned only the preceding day. Plaintiff argued, therefore, that its application had been approved automatically by virtue of *N. J. S. A.* 40:55D–46, which provides for such approval when a municipality has failed to act within 45 days of the submission of a complete application. The board disagreed and considered the matter on the merits, permitting plaintiff's participation without prejudice.

On August 23, 1977 the township filed its site plan ordinances. On September 15, 1977 the board adopted a

resolution approving plaintiff's site plan, subject to various conditions which plaintiff found unacceptable. An appeal was taken to the township committee, which affirmed the board's action. The within prerogative writ action followed.

Prior to the planning board hearing plaintiff was required to deposit $450 with the township, in escrow, to cover engineering and professional reviews. Plaintiff claims this payment should be returned since there was no ordinance authorizing its exaction.

## A. *Time Calculations*

Plaintiff claims automatic approval of its site plan under *N. J. S. A.* 40:55D–46(c), which provides that "upon the submission to the administrative officer of a complete application for a site plan for 10 acres of land or less the Planning Board shall grant or deny preliminary approval within 45 days of the date of such submission. * * * Otherwise, the Planning Board shall be deemed to have granted preliminary approval of the site plan." Plaintiff's completed application was submitted on July 1, 1977. The planning board did not act until its hearing was held on August 22, 1977, more than 45 days later.

Subsection (a) of the above statute provides that "if an application for development is found to be incomplete, the developer shall be notified thereof within 45 days of the submission of such application or it shall be deemed to be properly submitted." No notice was given under this proviso and no claim is made by defendants that the application was incomplete after July 1, 1977.

Plaintiff, apparently treating the filing of the ordinances as having a retrospective effect, contends that only one 45-day period was available to defendants, within which time the decision as to whether the application was complete and the grant or denial of preliminary approval had to take place. That period expired before the planning board hearing.

■ I disagree. The statute is not clear as to how the 45-day periods for administrative and planning board action are to be calculated. No interpretative decisions are available. However, if plaintiff's argument is accepted, the time available to the administrative officer and the board is much curtailed. The officer, particularly when reviewing a plan of any complexity, may need time to obtain engineering and legal assistance; additional information may be required as to traffic, drainage, utilities and the like. The planning board must hear, discuss and decide, in the process of which it may need engineering and legal advice requiring time to provide. More than one hearing may be desirable; in the decision-making process, questions raised at an initial hearing may deserve further review. Pressures produced by inadequate time limitations invite ill-considered rejections by administrative officers and planning boards. It is reasonable to presume that one of the salutary purposes of the Municipal Land Use Law is the shortening of time for municipal action upon development applications. However, an allowance of 90 days for such action, from completed submission to preliminary approval is not unreasonable, and a far shorter time than most applicants experienced under the former practice.

■ The statutory language permits this interpretation. Sub-paragraph 46 (a) provides that an application shall be deemed "properly submitted" at the expiration of 45 days from the filing thereof unless the administrative officer gives notice within that time that the application is incomplete. Sub-paragraph 46(c) requires the planning board to act within 45 days of "such submission." There is nothing in this language which prevents the administrative officer from deciding that a plan is complete before the 45th day following its filing, thereby permitting the planning board to fix a hearing date and reach a decision within 45 days of that determination. A logical interpretation of these time limitations requires a favorable *decision* by

the administrative officer before the 45-day period within which the board must act begins to run, absent which the application, through the automatic provisions of 46 (a), is "deemed to be properly submitted." Thus, the board has at least 90 days from the date the application is filed within which to act.

I reject the suggestion that the ordinances have a retrospective effect, once filed. Such interpretation should not be given to an ordinance unless there is a clear manifestation of such intention with no abuse of constitutional rights. *Skulski v. Nolan,* 68 *N. J.* 179, 202 ,(1975). There is no expressed intention here.

Accordingly, I hold that the 45-day periods provided in the statute are to run consecutively and not concurrently. As a result, the actions of the planning board were taken within time.

## B. *Late Filing*

Difficulties were created by the failure of the municipality to comply with *N. J. S. A.* 40:55D-16, which makes site plan ordinances ineffective until a copy is filed with the county planning board. The omission was called to the board's attention by plaintiff's counsel at the August 22 hearing, and cured by filing on August 23.

Consequently, the ordinances became effective on August 23, reflecting the law to be applied thereafter. *Roselle v. Wright,* 37 *N. J. Super.* 507 (Law Div. 1955), aff'd 21 *N. J.* 400 (1956). There provisions were applicable September 15 (still within the 90-day period calculated above), when preliminary approval was granted with conditions and at the time the township committee heard and decided plaintiff's appeal.

*N. J. S. A.* 40:55D-37 provides that "the governing body may by ordinance require * * * approval of site plans by resolution * * *." Section 46, which mandates plan submission and fixes 45-day time limits, refers to "an ordinance

requiring site plan review and approval." Consequently, the statute does not become effective until an ordinance requiring site plan approval is in force, namely, adopted *and* filed with the county planning board. Medford Township's ordinances became effective on August 23. The statute became operative on the same date. Consequently, no time periods could be counted until that date, and all actions below were taken well within all conceivable statutory limits.

## C. *Due Process*

■ Plaintiff raises questions of due process with respect to the planning board hearing, claiming no opportunity to prepare for and respond to engineering testimony produced by the board. The argument would provoke sympathy were it not for the fact that the board offered a continuance to plaintiff for that purpose—an offer which was declined. There can be no abuse of due process on these facts.

## D. *Review Fees*

■ Plaintiff questions defendant's exaction of review fees in connection with its application, since no ordinance was in force which authorized such fees. Defendants argue the curative effect of the later filing of the ordinances, saying that they operated retrospectively. This interpretation is not supportable. *Skulski, supra.* Were the contrary true, there would be no deterrent to unbridled municipal action; consequences of unauthorized action could be avoided by covering legislation. Therefore, I find the fees were charged unlawfully and must be returned.