168 N.J. Super. 508 (1979)
403 A.2d 921
BURCAM CORPORATION, A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT,
v.
PLANNING BOARD OF THE TOWNSHIP OF MEDFORD; TOWNSHIP COMMITTEE OF THE TOWNSHIP OF MEDFORD, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 30, 1979.
Decided May 29, 1979.
*510 Before Judges FRITZ, BISCHOFF and MORGAN.
Mr. Timothy M. Prime argued the cause for appellant.
Mr. Frederick W. Hardt argued the cause for respondent Planning Board of the Township of Medford (Messrs. Sever, Hardt and Main, attorneys).
Mr. Thomas Norman argued the cause for respondent Township Committee of the Township of Medford.
PER CURIAM.
Plaintiff Burcam Corporation applied for site plan approval to construct an office building. Defendant Planning Board of the Township of Medford, after a hearing, approved the site plan subject to 15 conditions to which plaintiff objected. Defendant Township Committee of the Township of Medford affirmed the action of the planning board. Plaintiff, by a proceeding in lieu of prerogative writs, appealed to the Superior Court, and the trial judge in a reported *511 decision, 160 N.J. Super. 258, granted summary judgment to defendant. Plaintiff appeals.[1]
The facts are set out in detail in the opinion of the trial judge and will only be restated here to the extent necessary to present the issues raised on appeal.
Plaintiff submitted its application for site plan approval on June 10, 1977. At that time there was no site plan review ordinance in effect in the township. An interim site plan ordinance was adopted June 28, 1977, but it was not filed with the county planning board as required by N.J.S.A. 40:55D-16. Plaintiff supplemented its application on July 1 by submitting an engineering site plan and report.
On August 22, 1977 the planning board held a public hearing on plaintiff's application. One of the objections raised by plaintiff to the conduct of the hearing was that the site plan ordinance was invalid because it was not filed with the county planning board as required by N.J.S.A. 40:55D-16. Plaintiff also contended it was entitled to preliminary approval of its site plan because the planning board failed to grant or deny preliminary approval within 45 days of the submission of the complete application in accordance with the terms of N.J.S.A. 40:55D-46(c).
The site plan review ordinance was filed the following day, August 23, 1977, and on September 15 the board adopted the resolution approving plaintiff's site plan with conditions as indicated above.
Plaintiff's first contention on this appeal is that since there was no valid site plan ordinance in effect at the time plaintiff filed its application, the application stands approved by operation of law.
We agree with the interpretation of the trial judge that the ordinance in question in the instant case was effective *512 as of the date it was filed. 160 N.J. Super. at 264. Nevertheless, plaintiffs argument that it is entitled to approval of its application because no ordinance was in effect on the date of the initial filing of the application is without merit. In the area of land use, a municipality may change its regulating ordinances after an application has been filed and even after a building permit has been issued and, as long as the applicant has not substantially relied upon the issuance of the building permit, it is subject to the amended ordinance. This is even so where the municipality amends its ordinance in direct response to the application. Morris v. Postma, 41 N.J. 354, 362 (1964); Allendale Congregation of Jehovah's Witnesses v. Grosman, 30 N.J. 273, 277 (1959), app. dism. 361 U.S. 536, 80 S.Ct. 587, 4 L.Ed.2d 538 (1960); Hill Homeowners Ass'n v. Passaic, 156 N.J. Super. 505, 512 (App. Div. 1978); Sandler v. Springfield Tp. Bd. of Adj., 113 N.J. Super. 333 (App. Div. 1971); Crecca v. Nucera, 52 N.J. Super. 279, 284 (App. Div. 1958). Thus, the regulatory ordinance effective August 23 must control plaintiff's application.
Subsection (a) of N.J.S.A. 40:55D-46 requires that the municipality notify the developer of any defect in an application for developments within 45 days of submission. Subsection (c) states that "[u]pon the submission * * * of a complete application * * * the planning board shall grant or deny preliminary approval within 45 days of the date of such submission * * *."
Plaintiff argues that even if the time limitations contained in N.J.S.A. 40:55D-46(a) are applicable, its application was completed and filed by July 1 and stands approved by operation of law, since the hearing was held and conditional approval granted more than 45 days after July 1, 1977. Plaintiff further argues that while the "time calculations" of the trial judge set forth in his reported opinion at 160 N.J. Super. 259, 263-265, giving the municipality two consecutive 45-day periods within which to act, may be proper in cases where the acceptability of the application is at *513 issue, the calculations are inapplicable here since plaintiff's application was admittedly completed and filed by July 1. Under N.J.S.A. 40:55D-46(c), the argument continues, the township committee had 45 days after July 1 to act on the completed application and, not having done so within that time period, plaintiff's application stands approved by operation of law.
We disagree. It is significant that here plaintiff voluntarily supplemented its application on July 1. We accept that date as the date of filing. We also agree with the trial judge's "time calculation" in which he concludes that N.J.S.A. 40:55D-46(a) must be read in conjunction with N.J.S.A. 40:55D-46(c) to grant two 45-day periods within which to act on a filed application. It necessarily follows that the hearing on August 22 and the conditional approval issued on September 15 were both well within that time limit and the action of the township committee was timely and valid.
However, we disagree with the trial judge's holding that since the site plan review ordinance was not effective until the date it was filed, August 23, the time periods set forth in the statute did not begin to run until that date. Although the legislative scheme in the Municipal Land Use Law does contemplate an ordinance to govern site plan approval, N.J.S.A. 40:55D-37 and 46, the specifications for the two 45-day limits set forth in §§ 46(a) and (c) are not contingent upon municipal adoption of a review ordinance. Defendants' apparent inadvertent failure to file its ordinance should not serve to eliminate the application of these 45-day limits, thereby in effect giving a municipality an extension of time within which to make its decision. With or without an effective site plan review ordinance, the two 45-day periods begin to run with the filing of an application.
Plaintiff's final contention is that its "escrow fees" should be returned. N.J.S.A. 40:55D-8(b) authorizes a municipality to "by ordinance provide for reasonable fees to be *514 charged (1) an applicant for review of an application for development by a municipal agency * * *."
The ordinance in question sets forth a schedule of fees charged for minor and major site plan approval. In accordance with this ordinance, plaintiff did deposit a $450 escrow fee with defendant planning board. The date on which this fee was demanded and the date on which it was paid are not in the record.
Subsequently, on January 24, 1978 defendant township demanded an additional escrow fee in an unspecified amount. The trial judge held that this was improper, "since no ordinance was in force which authorized such fees."[2] 160 N.J. Super. at 265. The ordinance authorizing fees was effective the date it was filed, August 23, 1977. Thus, defendants could properly exact fees pursuant to this ordinance after this effective date whereas, as the opinion of the trial judge appears to hold, any demand for fees under the ordinance prior to this date was improper. In any event, the ordinance by its terms contemplates imposition of additional fees before issuance of an occupancy permit if the initial sums are determined to be inadequate to pay the reasonable costs incurred. We hold that any filing fees exacted of plaintiff under the ordinance prior to its effective date were improperly demanded and should be returned. However, this is without prejudice to the present right of the township under the existing ordinance to exact such reasonable fees prior to issuance of an occupancy permit as may be determined to be necessary.
The judgment is affirmed, except for the part of the order dealing with fees which is modified as indicated.
NOTES
[1] We note that no final judgment was ever entered and this appeal is improperly taken from the trial judge's written opinion. R. 2:2-3 (a)(1). We elect to waive this procedural irregularity and decide the issues presented.
[2] The order of the trial judge, adjudging that a demand for additional escrow fees was improper, was entered January 24, 1978, after the notice of appeal had been filed. This was improper. R. 2:9-1(a) provides that "the supervision and conduct of the proceedings on appeal shall be in the appellate court from the time the appeal is taken." Since the issue has been briefed and argued by the parties, we shall dispose of it on the merits.