193 N.J. Super. 513 (1984)
475 A.2d 71
DUNKIN' DONUTS OF NEW JERSEY, INC., PLAINTIFF-RESPONDENT,
v.
TOWNSHIP OF NORTH BRUNSWICK PLANNING BOARD, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 26, 1983.
Decided March 14, 1984.
Before Judges FRITZ, FURMAN and DEIGHAN.
*514 Robert J. Lecky, for appellant.
Daniel J. Gavin, for respondent (Thomas R. Gervasio, on the brief).
PER CURIAM.
Defendant planning board appeals from a judgment reversing its denial of site plan approval and of two variance applications and remanding for entry of an order approving both site plan and variances. Plaintiff's applications were for site plan approval for a retail bakery shop and variances permitting a 30-foot rather than the required 35-foot setback and a freestanding sign, four and a half by nine feet, on a ten foot high pylon. The site is in a commercial zone at the intersection of State Highway Routes 1 and 130. The proposed use is a permitted use in that zone.
Defendant planning board's denial of plaintiff's application for site plan approval was based solely upon the anticipated detrimental impact of the proposed use on traffic congestion and safety. Its resolution recited:
1) The area is zoned C-1 commercial;
2) The Route 1-Route 130 circle is a major intersection having a high accident rate;
3) Plaintiff's peak business hours coincide with the peak morning traffic;
4) Given the importance of impulse purchasing to such a business and limited access for the site, there is a reasonable probability that customers would make illegal turns or dangerous traffic movements to reach the site;
5) The circle is already overburdened and cannot be effectively or safely controlled by the police  many other uses exist which would not pose additional traffic burdens;
6) The Department of Transportation has not provided requested assistance to eliminate some hazards;
7) Approximately 80 accidents per year occur at this intersection, making it the fourth most dangerous in the State;
8) Increased maneuvers at the intersection will increase the likelihood of accidents;
9) Plaintiff has not proven the hardships necessary for the requested variances.
*515 In reversing, Judge Harding relied upon Lionel's Appliance Center, Inc. v. Citta, 156 N.J. Super. 257 (Law Div. 1978), which holds that a planning board under the Municipal Land Use Law, N.J.S.A. 40:55D-1 et seq., effective August 1, 1976, is without authority to deny site plan approval because of off-site traffic conditions. We concur in that result; specifically, we approve Judge Havey's analysis in Lionel's Appliance Center, Inc. v. Citta.
A planning board should consider off-site traffic flow and safety in reviewing proposals for vehicular ingress to and egress from a site, N.J.S.A. 40:55D-7, 41(b). Pursuant to ordinance it may condition site plan approval upon a contribution to necessary off-site street improvements, N.J.S.A. 40:55D-42. But the authority to prohibit or limit uses generating traffic into already congested streets or streets with a high rate of accidents is an exercise of the zoning power vested in the municipal governing body, N.J.S.A. 40:55D-2, 62.
The trial court concluded that the two variance applications should be granted because of the lack of adequate fact findings in the resolution denying them. We disagree with that disposition. The trial court should have remanded for fact findings by defendant planning board, Chirichello v. Zoning Board of Adj. Monmouth Beach, 78 N.J. 544, 559-561 (1979).
We affirm the judgment reversing the denial of site plan approval. We reverse the judgment ordering the granting of the variance applications. We remand with directions as follows, based upon our consideration that plaintiff is proposing an integrated plan for the development of the site by its site plan and two variance applications. Plaintiff shall be entitled to site plan approval forthwith upon voluntary withdrawal of the variance applications. Otherwise site plan approval shall be conditioned upon the granting of the variance applications, in accordance with adequate findings and conclusions, or upon the granting of one of the variance applications, in accordance with *516 adequate findings and conclusions, and the voluntary withdrawal of the other. We do not retain jurisdiction.