279 N.J. Super. 327 (1993)
652 A.2d 784
THE PRICE COMPANY, INC., A CORPORATION OF THE STATE OF CALIFORNIA, PLAINTIFF,
v.
THE ZONING BOARD OF ADJUSTMENT OF THE TOWNSHIP OF UNION, DEFENDANT.
Superior Court of New Jersey, Law Division Union County.
Decided March 31, 1993.
Bernard Warren Hehl, for plaintiff, The Price Company, Inc., (Hehl & Hehl, attorneys).
*328 Marc A. Woliansky, for defendant, The Zoning Board of Adjustment of the Township of Union, (Woliansky & Doyle, attorneys).
MENZA, J.S.C.
This is an action in lieu of prerogative writ in which the plaintiff appeals a zoning board's denial of a use variance.
The question presented is whether a zoning board of adjustment may deny a use variance on the basis that the proposed use would result in an increase in off-site traffic.
This court concludes that it may.
The plaintiff has requested a use variance for a retail store to be located on Springfield Road, Union, New Jersey. The site is located at a distance of approximately 1,100 feet from the intersection of Springfield Road and Route 22. Traffic engineers who testified at the hearings on behalf of the applicant and the Zoning Board of Adjustment agreed that the proposed use would result in a 12% increase in traffic at or near the intersection of Springfield Road and Route 22. The traffic count in that area is now 68,700 vehicles per day. They also agreed that traffic generated by the proposed use would significantly increase traffic on Springfield Road and constitute 17-21% of its capacity. The traffic count on Springfield Road is now 20,000 vehicles per day. The plaintiff's engineer also testified that the impact on traffic could be lessened by installing a traffic light and by constructing a third lane on Springfield Road near the front entrance of the site. The plaintiff's engineer also informed the Board that the plaintiff was willing to post a bond to cover the costs of construction of another lane on Route 22 if, sometime in the future, the State decided that one was necessary.
The Board members voted 4 to 3 to grant the variance. This resulted in a denial since the statute requires five affirmative votes to approve a use variance. N.J.S.A. 40:55D-70. The three *329 negative votes were based on the concern that the proposed use would worsen the traffic congestion in the area.
The plaintiff now appeals the decision of the Zoning Board, arguing that it has proven both the affirmative criteria and the negative criteria required by the Municipal Land Use Law, N.J.S.A. 40:55D-1 to 90.[1]
With respect to the "negative criteria," the statute provides that:
No variance or other relief may be granted under the terms of this section unless such variance or other relief can be granted without substantial detriment to the public good and will not substantially impair the intent and the purpose of the zone plan and zoning ordinance.
[N.J.S.A. 40:55D-70 (emphasis added).]
The plaintiff argues in this appeal that the three Board members who voted to deny the variance improperly considered off-site traffic conditions, a consideration not permitted under the law. Specifically, the plaintiff argues that the negative criteria "without substantial detriment to the public good" does not encompass considerations of off-site traffic conditions. It cites the following cases in support of that position.
The case of Dunkin' Donuts of N.J. v. Tp. of North Brunswick, 193 N.J. Super. 513, 475 A.2d 71 (App.Div. 1984) addressed the issue of whether a planning board may deny a site plan on the basis that the proposed use would generate additional off-site traffic. The court held that a planning board has no authority to deny site plan approval because of off-site traffic conditions, stating:
A planning board should consider off-site traffic flow and safety in reviewing proposals for vehicular ingress to and egress from a site, N.J.S.A. 40:55D-7, 41(b). Pursuant to ordinance it may condition site plan approval upon a contribution to necessary off-site street improvements, N.J.S.A. 40:55D-42. But the authority to prohibit or limit uses generating traffic into already congested streets or streets *330 with a high rate of accidents is an exercise of the zoning power vested in the municipal governing body, N.J.S.A. 40:55D-2, 62.
[Id. at 515, 475 A.2d 71.]
It is clear that Dunkin' Donuts does not stand for the proposition urged by the plaintiff. But it does stand for the proposition that consideration of off-site traffic conditions is an "exercise of the zoning power." Thus one might logically conclude that it is in fact a consideration in the determination of a variance request.
The plaintiff also cites El Shaer v. Planning Board, 249 N.J. Super. 323, 592 A.2d 565 (App.Div.), certif. denied, 127 N.J. 546, 606 A.2d 360 (1991), in support of its position. In that case, the plaintiff argued that the planning board improperly considered off-site traffic conditions in denying its application for a subdivision. The plaintiff misinterprets the holding of this case. The Appellate Division made it clear that it would not address the issue of whether a planning board could consider off-site traffic conditions:
We need not address the issue since on-site conditions, having a potential adverse effect upon plaintiff's parcel and contiguous property and traffic flow, were sufficient to deny the application.
[Id. at 328-29, 592 A.2d 565.]
In fact it went on to indicate that a planning board might in some circumstances consider off-site traffic conditions, at least as far as egress and ingress are concerned.
[I]t was entirely proper for the Board to consider the accessibility to and from the development onto Route 206, a heavily travelled state highway.
....
The Board was properly concerned with the safety of the residents of the four lots contiguous to Route 206 backing out onto the highway and the difficulty getting in and out of the subdivision during peak traffic hours.
[Id. at 329-30, 592 A.2d 565.]
The plaintiff also relies on the case of Lionel's Appliance Center, Inc. v. Citta, 156 N.J. Super. 257, 383 A.2d 773 (Law Div. 1978). In that case, the court addressed the question of whether the planning board properly considered off-site traffic conditions in denying site approval. The court concluded that it did not, stating:

*331 [T]he court finds that defendant planning board had no power to deny defendant's application for site plan approval because of off-site traffic conditions unless it had found that the proposed means of ingress and egress created vehicular traffic problems. N.J.S.A. 40:55D-46 provides that the planning board shall, if the proposed development complies with the ordinance and the act, grant preliminary site plan approval. The record reflects the opposite.
[Id. at 269, 383 A.2d 773.]
Again this case is distinguishable from the instant case because that case involved a local planning board which the court determined under the Municipal Land Use Law had no discretion to deny site plan approval where the proposal complies with statutes and local ordinances.
Glen Rock Realty, Co. v. Bd. of Adjustment, 80 N.J. Super. 79, 192 A.2d 865 (App.Div. 1963), is another case cited by the plaintiff as authority for its position that the law does not permit a zoning board to consider off-site traffic conditions. Although this case did involve a zoning board, it does not support the proposition urged by the plaintiff. The Glen Rock court did not hold that a zoning board could not consider off-site traffic in determining whether to grant a variance. Rather it held that off-site traffic conditions were improperly considered by the Glen Rock Zoning Board when it denied the use variance because the Board had concluded that the increased traffic generated by the proposed use would not create a condition of "traffic congestion or hazard."
[T]he traffic problem [is not] a blockade to the proposed commercial use of the property. The evidence of plaintiffs' experts pointed to an increase of traffic, but not beyond maximum safe capacity.
[Id. at 89, 192 A.2d 865.]
The plaintiff also cites an unreported case, Suburban Lubrications, Inc. v. Zoning Board of Adjustment, Tp. of Hampton, 13 Mun.L.Rev. 45 (1991). This case also is distinguishable from the instant case. In that case, the Hampton Township Zoning Board denied a use variance for a Jiffy Lube service center located on a major highway. The court affirmed the denial of the variance, but stated:
We do not necessarily agree with the [trial] Judge's statement that the board was "somewhat misfocused in its concern on traffic flow within the site and in its concern with movement of vehicles on and off the site." Traffic control is certainly *332 an appropriate matter for consideration under the zoning ordinance. See N.J.S.A. 40:55D-2 and hence, may be taken into account by the board in making its determinations.
The case of O'Donnell v. Koch, 197 N.J. Super. 134, 484 A.2d 334 (App.Div. 1984), a zoning case, involved a reverse situation where the grant of the variance would result not in an increase in traffic but in an alleviation of traffic congestion in the area of the use. The court again noted that traffic congestion was a zoning consideration and stated:
The Board here found the elimination of dangerous and hazardous traffic conditions and the alleviation of parking congestion in the area were sufficient special reasons. Under our zoning statute traffic conditions and congestion can be taken into account when they will have a significant impact on the community.... We conclude that the flow of traffic around the area in which this funeral home is located and the elimination of dangerous and hazardous traffic conditions tend to advance the purposes of zoning.
[Id. at 141, 484 A.2d 334 (citations omitted).]
The plaintiff is therefore in error in asserting that the law confirms its position that off-site traffic conditions may not be considered by a zoning board of adjustment in determining whether to grant a use variance. In fact, just the opposite is true. Traffic flow, on-site or off, is among the conditions which a governing body must consider when determining what a zone should be, and which a zoning board must consider when determining whether a variance should be granted. Indeed, the Municipal Land Use Law directs a board's consideration by stating that its intent and purpose are:
[T]o encourage the location and design of transportation routes which will promote the free flow of traffic while discouraging location of such facilities and routes which result in congestion or blight.
[N.J.S.A. 40:55D-2(h).]
Legal treatises on this very question have recognized that off-site traffic problems are a valid and important consideration in determining whether a variance should be granted.
In the treatise Rathkopf's, The Law of Zoning and Planning, it is stated:
The tendency of a proposed use to add to existing traffic congestion is a factor which a board of appeals may consider in deciding whether to grant a requested *333 variance, but such factor should not be controlling where the requirements for the grant of a variance are otherwise met.
[5 Edward H. Ziegler, Jr., Rathkopf's, The Law of Zoning and Planning, § 59:02(2), at 11 (4th ed. 1989).]
In another treatise, the authors state:
[T]he relief requested must not alter the essential character of the neighborhood. In broad terms, the administrative power to vary must be exercised so as to promote the general welfare which is reflected in the zoning scheme. Narrowly, the test focuses on the impact to the surrounding area and the answer to that inquiry derivatively determines the effect on the public interest.
....
[Thus] requested variances have been denied in instances where the relief proposed would disrupt the single family character of an area by allowing higher density housing, by introducing possible hazards to safety with gasoline storage in a residential area, or by creating a dangerous traffic condition.
[6 Patrick J. Rohan, Zoning and Land Use Controls, § 43.02(4)(c) at 44-5 (1992).].
And in Marino v. City of Baltimore, 215 Md. 206, 137 A.2d 198 (App. 1957), the Maryland Court of Appeals specifically noted that zoning boards must consider off-site traffic congestion when deciding whether to grant a variance. The court stated:
There is yet another aspect of this case which is an important factor, although not necessarily controlling. We have recognized repeatedly that traffic congestion is an element which the Board should consider when deciding whether to grant a variance.... In fact, the enabling act ... specifically provides, inter alia, that zoning regulations shall be made in accordance with a comprehensive plan and "designed to lessen congestion in the streets".... We think it is clear that to grant the exception sought would tend to increase congestion in the streets, not to lessen it, as the clear mandate of the enabling act contemplates.
[Id. 137 A.2d at 204-5 (citations omitted).]
There is no doubt that the requested use would have a significant impact on the volume of traffic on Route 22 and on Springfield Road. It is a use that is violative of the statute, which mandates that proper zoning must promote the free flow of traffic and discourage those uses that result in traffic congestion. After all, if one of the purposes of zoning is to lessen congestion in the streets, logic dictates that a use which causes an undue increase in traffic flow and congestion contradicts the purpose of zoning and thus should not be permitted.
*334 Under the circumstances, the Board members had a perfect right to consider existing traffic conditions and the impact the proposed use would have on traffic conditions. In doing so, they properly relied on the evidence presented to them which noted the large and significant traffic impact that the proposed facility would have on Route 22 and Springfield Road. They also had a perfect right to reject the testimony of the traffic experts, to the extent that they disagreed with them, and to use their own peculiar knowledge of traffic conditions on Route 22 which, to say the least, are somewhat infamous.[2] The fact that the plaintiff offered to post a bond towards the cost of possible future expansion of Route 22, and made suggestions regarding ways to ease the flow of traffic, does not in any way lessen the increased traffic and congestion which would result from the proposed use. Traffic congestion was therefore a legitimate consideration of the board members in their determination of whether the requested variance would result in a substantial detriment to the public good.

CONCLUSION
Plaintiff has therefore failed to meet the negative criteria of the statute which requires that a variance may only be granted if it does not result in substantial detriment to the public good. The presumption of validity to be afforded to the Board has not been overcome by the plaintiff.
Complaint dismissed.
NOTES
[1] The court has rendered an oral decision affirming the denial of the variance on the basis that the plaintiff failed to prove either the affirmative criteria or the negative criteria of the Municipal Land Use Law, N.J.S.A. 40:55D-70. This opinion addresses only the negative criteria.
[2] In Wilson v. Mountainside, 42 N.J. 426, 434-35, 201 A.2d 540 (1964), the Supreme Court stated:

Route 22 had become, in its first 25 or 30 miles west of Newark, one of the most overcrowded of these highways both in volume of traffic and number of commercial and industrial establishments lining its sides.... Its traffic density and hazards and general ugly appearance, due in large measure to lack of appropriate planning and zoning controls in so many municipalities, are notorious.