279 N.J. Super. 207 (1994)
652 A.2d 723
THE PRICE COMPANY, A CORPORATION OF THE STATE OF CALIFORNIA, PLAINTIFF-APPELLANT,
v.
THE ZONING BOARD OF ADJUSTMENT OF THE TOWNSHIP OF UNION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted October 3, 1994.
Decided November 4, 1994.
*208 Before Judges J.H. COLEMAN, DREIER and VILLANUEVA.
Fahey & Fahey, attorneys for appellant (Brian W. Fahey, on the brief).
Woliansky & Doyle, attorneys for respondent (Marc A. Woliansky, on the brief).
PER CURIAM.
In this municipal land use case, the substantial issue raised is whether a local zoning board of adjustment may consider off-site traffic conditions in determining whether an applicant for a use variance has satisfied the negative criteria required by N.J.S.A. 40:55D-70. The Law Division upheld the decision of the local zoning board of adjustment denying the use variance and six bulk variances essentially because of off-site traffic conditions. We now affirm substantially for the reasons expressed by Judge Menza in his oral and written opinions of March 31, 1993.
We add the following comments. Denial of the variance application does not mean the property has been zoned into substantial economic inutility. Here, the alleged economic inutility is the consequence of a deteriorating and aging structure situated in the midst of other thriving industrial businesses rather than the zoning ordinance. Functional obsolescence is not synonymous with economic inutility.
We are also persuaded that unlike a planning board which at times acts in a ministerial capacity, a local zoning board of *209 adjustment acts as a quasi-judicial body. As such, it is called upon to become involved in a weighing process, much like a court, before determining whether the positive and/or negative criteria have been met. In determining whether the negative criteria have been satisfied, a board of adjustment must determine the impact approval of a requested use variance will have on the surrounding neighborhood and zoning plan.
The judgment under review is affirmed.