BIANCO, J.T.C.
This is the court’s determination with regard to a motion for reconsideration brought by defendant, Short Hills Associ *313 ates/Taubman Co., owner of The Mall at Short Hills (hereinafter “the Mall”), seeking to vacate this court’s Order of July 21, 2006 which denied protection to the Mall under the Freeze Act (N.J.S.A. 54:51A-8) and further denied the dismissal of the complaint filed by the plaintiff, Millburn Township (hereinafter “the Township”).
After reconsideration of the matter, the court declines to change its decision of July 21, 2006 denying the Mall’s application for Freeze Act protection. The reasons for the court’s decision are set forth below.
The facts are uncontested. The Mall appealed its property tax assessment directly to the Tax Court for tax years 2002, 2003, and 2004. The trial of the 2002 appeal commenced in January 2005. However, before the case was tried to conclusion, the parties agreed to a settlement that included all years then under appeal as well as the 2005 tax year.
The court issued judgments in December 2005 for both the 2002 and 2005[1] tax years. As part of the settlement, the appeals for the 2003 and 2004 tax years were withdrawn and the Freeze Act was applied so that the assessments for 2003 and 2004 were frozen at the same amount as the assessment in the 2002 judgment. The settlement, however, did not address the applicability of the Freeze Act to tax years 2006 and 2007 based upon the 2005 judgment which set the assessment at $445,000,000. In January 2006 the Tax Assessor for the Township certified the municipal tax list to the Essex County Board of Taxation which included the Mall’s 2006 assessment set at the same $445,000,000 as the 2005 assessment.
On March 31, 2006 the Township filed an affirmative appeal challenging the Mall’s 2006 assessment. On April 12, 2006 the Mall moved for protection under the Freeze Act (based upon the 2005 judgment) and to dismiss the Township’s complaint. Oral argument was heard on July 21, 2006. The court determined at *314 that time that pursuant to N.J.S.A. 54:51 A-8, protection under the Freeze Act could not be afforded to the Mall since a zoning change had occurred which affected the value of the Mall’s property-
The Mall had initiated the zoning change during the summer of 2005. At the Township Planning Board meeting of July 6, 2005, Mall attorney Robert S. Greenbaum, Esq., made an informal presentation seeking an amendment to the Township’s Development Regulations and Zoning Ordinance to increase the Mall’s gross leasable area (hereinafter “GLA”)[2] of 1,350,000 square feet, an additional 50,000 square feet to 1,400,000 square feet GLA. On a vote of six in favor, two against, with two abstentions, the Township Planning Board recommended to the Township Committee that “an additional 50,000 [square feet] GLA be granted to the Mall.” Accordingly, on July 19, 2005, the Township Committee introduced Ordinance No. 2259-05 to increase the GLA of the Mall to 1,400,000 square feet. Ordinance No. 2259-05 was published on August 4, 2005, and adopted on second reading by the Township Committee on August 16, 2005. See Millburn Twp., N.J., Ordinance 2259-05 (Aug. 16, 2005).
On August 4, 2006, approximately two weeks after the court denied the Mall’s Freeze Act application, the Mall’s counsel learned that Ordinance No. 2259-05, adopted nearly a year earlier, had never been filed with the Essex County Planning Board pursuant to N.J.S.A. 40:55D-16, and therefore was never truly effective. This motion for reconsideration ensued. The Township eventually filed a copy Ordinance No. 2259-05 with the Essex County Planning Board after August 4, 2006.
RECONSIDERATION
“The standards for reconsideration are substantially harder to meet than are those for reversal of a judgment on *315 appeal.” Dantzler v. Dir., Div. of Taxation, 18 N.J.Tax, 507, 508 (Tax 1999). R. 8:10, entitled “New trials; amendment of findings or judgments,” provides for the application of R. 1:7-4, R. 4:49-1 and R. 4:49-2 to matters decided by the Tax Court. R. 4:49-2 permits the court to reconsider its decisions on matters that have been submitted for resolution by the court. The courts have held that “[r]econsideration is a matter within the sound discretion of the Court, to be exercised in the interest of justice.” Cummings v. Bahr, 295 N.J.Super. 374, 384, 685 A.2d 60 (App.Div.1996) (citing D’Atria v. DAtria, 242 N.J.Super. 392, 401, 576 A.2d 957 (Ch.Div.1990)). Moreover:
Reconsideration should be utilized only for those cases which fall into that narrow corridor in which either 1) the Court has expressed its decision based upon a palpably incorrect or irrational basis, or 2) ‘it is obvious that the Court either did not consider, or failed to appreciate the significance of probative, competent evidence.
[D’Atria v. D'Atna, supra, 242 N.J.Super. at 401, 576 A.2d 957.]
The Mall seeks reconsideration of this court’s earlier denial of its Freeze Act application. The court determined that since a zoning change had occurred that affected the value of the Mall’s property as of October 1st of the pre-tax year, the protections of the Freeze Act were no longer available to the Mall. In view of the fact that the zoning change at issue was never duly effective since Ordinance No. 2259-05 had not been filed with the Essex County Planning Board as required by N.J.S.A. 40:55D-16, a review of the matter is appropriate in the interest of justice. See N.J.S.A. 40:55D-16.
APPLICABLE LAW
The Freeze Act, N.J.S.A. 54:51A-8, provides in pertinent part:
Where a judgment not subject to further appeal has been rendered by the Tax Court involving real property, the judgment shall be conclusive and binding upon the municipal assessor and the taxing district, parties to the proceeding, for the assessment year and for the two assessment years succeeding the assessment year covered by the final judgment, except as to changes in the value of the property occurring after the assessment date.... If as of October 1 of the pretax year, the property in question has been the subject of an addition qualifying as an added assessment, a condominium or cooperative conversion, a subdivision or a zoning change, the conclusive and binding effect of such judgment shall terminate with said pretax year.
*316 [(emphasis added).]
N.J.S.A 54:51A-8, as cited above, contains the language added by the September 17, 1999 amendment. That amendment established a list of events, including a zoning change, that would preclude the applicability of the Freeze Act. In addressing this amendment, the Assembly Judiciary Committee Statement explained that “the ‘Freeze Act’ shall not apply to a property which has been the subject of an addition qualifying as an added assessment, a condominium or cooperative conversion, a subdivision or a zoning change.’’ Assembly Judiciary Committee, Statement to S. 673 (Jan. 7,1999) (emphasis added).
The Tax Court has held that when a zoning change occurs, the property affected by the zoning change “automatically” loses Freeze Act protection. Entenmann’s Inc. v. Totowa Borough, 19 N.J.Tax 505, 516 (Tax 2001). Accordingly, a zoning change that occurred before October 1st of the pretax year which affected the Mall, would serve to deny the Mall the protection of the Freeze Act. The phrase “zoning change,” however, is not defined anywhere by the Legislature; nor has the phrase been defined by any New Jersey court.
The zoning change at issue (Ordinance No. 2259-05) was introduced, published, and adopted before the assessment date of October 1, 2005 for the 2006 tax year. However, that zoning change was not effective until some time after August 4, 2006 when a copy of Ordinance No. 2259-05 was filed with the Essex County Planning Board. N.J.S.A. 40:55D-16 provides that:
Development regulations, except for the official map, shall not take effect until a copy thereof shall be filed with the county planning board. A zoning ordinance or amendment or revision thereto which in whole or in part is inconsistent with or not designed to effectuate the land use plan element of the master plan shall not take effect until a copy of the resolution required by subsection a. of section 49 of P.L. 1975, c. 291 (C.40:55D-62) shall be filed with the county planning board.
[(emphasis added).]
The term development regulation, “means a zoning ordinance, subdivision ordinance, site plan ordinance, official map ordinance or other municipal regulation of the use and development of land, or amendment thereto adopted and filed pursuant to [New Jersey’s Municipal Land Use Law (N.J.S.A 40:55D-1 to -163)].” *317 N.J.S.A. 40:55D-4. There is no dispute that Ordinance No. 2259-05, which increases the Mall’s GLA by an additional 50,000 square feet, constitutes a development regulation as defined by N.J.S.A. 40:55D-4, and was therefore required to be filed with the Essex County Planning Board pursuant to N.J.S.A. 40:55D-16.[3]
The party responsible for filing a duly adopted zoning ordinance with the County Planning Board is the Municipal Clerk. N.J.S.A. 40:27-6.10; N.J.S.A. 40:55D-16; see also William M. Cox, New Jersey Zoning and Land Use Administration § 42-2.1 (2006) (recommending that a zoning ordinance include language indicating that “the Township Clerk is further directed to ... file a copy of the Ordinance as finally adopted with the ... County Planning Board as required by N.J.S. 40:55D-16.”). The court, however, has found no prohibition against any interested party filing a duly adopted zoning ordinance with the County Planning Board. Clearly the beneficiary of a zoning change, like the Mall in this case, has an interest in seeing that the ordinance becomes effective and actionable.
The intended application of the term “zoning change” within the meaning and purpose of the Freeze Act is the issue before this court on reconsideration. More specifically, the court must determine whether a zoning change which has been adopted but is not yet effective by October 1st of the pre tax year, qualifies as one of the designated events under N.J.S.A. 54:51A-8, that will serve to deny the Mall the protections of the Freeze Act. The court finds that it does.
ANALYSIS
The requirement to file zoning ordinances under N.J.S.A. 40:55D-16 is a notice requirement within New Jersey’s Municipal *318 Land Use Law (N.J.S.A. 40:55D-1 to -163). The purpose of filing zoning ordinances is to ensure that “county planning boards shall have a complete file of the planning and zoning ordinances of all the municipalities in the county.” N.J.S.A 40:27-6.10. The effective date of a zoning ordinance is tied to the obligation to file the same with the county planning board. N.J.S.A. 40:55D-16. There is no authority to suggest or imply that the obligation to file zoning ordinances with the county planning board was ever intended to affect the true value of property for tax assessment purposes as of the October 1st assessment date.
It is clear that the purpose of the Freeze Act is to protect taxpayers from unfair and undue harassment:
The evil which the “freeze” statute sought to remedy was repeated, yearly increases in the assessment value of property, not related to or justified by the changes increasing its market value, and resulting in harassment of taxpayer, subjecting him to the trouble and expense of annual appeals to the county tax board.
[Mediterannean House v. Fort Lee Borough, 7 N.J.Tax 528, 535 (Tax 1985) (citing City of Newark v. Fischer, 8 N.J. 191, 199-200, 84 A.2d 547 (1951)); see also South Plainfield Borough v. Kentile Floors, Inc., 92 N.J. 483, 487-89, 457 A.2d 450 (1983); Twp. of Springfield v. Weinberg, 178 N.J.Super. 83, 89, 428 A.2d 115 (App.Div.1981).]
In the present matter, however, it was the Mall that proposed the zoning change at issue in order to expand its retail capacity and thereby increase the Mall’s market value. Several areas of the Mall are intended to benefit from this zoning change, including the Macy’s anchor store, the establishment of an additional restaurant, and the addition of parking spaces.
Clearly the Mall was on notice that such a zoning change could have an effect on its value. See State by Comm’r of Transp. v. Caoili, 135 N.J. 252, 265, 639 A.2d 275 (1994) (holding that, “in determining the fair market value of condemned property as a basis for just compensation, the jury may consider a potential zoning change affecting the use of the property provided the court is satisfied that the evidence is sufficient to warrant a determination that such a change is reasonably probable.” (emphasis added)); see also State v. Gorga, 26 N.J. 113, 116-17, 138 A.2d 833 (1958) (holding that, “if as of the date of taking there is a reasonable probability of change in the zoning ordinance in the *319 near future, the influence of that circumstance upon the market value as of that date may be shown.” (emphasis added) (citations omitted)); Tamburelli Prop. Ass’n v. Cresskill Borough, 15 N.J.Tax 629 (Tax 1996); Mori v. Secaucus Town, 15 N.J.Tax 607 (Tax 1996), rev’d on other grounds, 17 N.J.Tax 96 (App.Div.1997); certif. denied, 154 N.J. 608, 713 A.2d 499 (1998); Schimpf v. Little Egg Harbor Twp., 14 N.J.Tax 338 (Tax 1994); Six Cherry Hill, Inc. v. Cherry Hill, 7 N.J.Tax 120 (Tax 1984). Furthermore, it is not likely that the Mall would have gone to the expense of obtaining an increase in its GLA if it did not intend for the zoning change to increase its value.
The failure to file the zoning ordinance with the County Planning Board may mean that an applicant would not be able to proceed with a development application under the ordinance, but such failure to file will not affect statutory time periods which will begin to run as if the ordinance had been filed. See generally Cox, New Jersey Zoning and Land Use Administration, supra, § 34-2.4; Burcam Corp. v. Planning Bd. of Medford, 168 N.J.Super. 508, 403 A.2d 921 (App.Div.1979). The issues here are market value and expectations as of the relevant assessment date; the “heavy lifting” in adopting the zoning change had already been done.
This court finds that the term zoning change as used in N.J.S.A. 54:51A-8 was intended to mean the adoption of and not the effective date of the zoning change. The Mall was clearly on notice as of October 1, 2005 that a zoning change had been adopted by the Township which could effect its 2006 tax assessment. Furthermore, it was within the Mali’s control, and in the Mali’s interest, to see that the ordinance was filed with the Essex County Planning Board.
Accordingly, on reconsideration, the court’s July 21, 2006 decision denying the Mall’s Freeze Act application will not be changed. An order denying the relief sought by the Mall will be entered.

 The 2005 tax appeal was subsequently filed directly with the Tax Court so that a judgment could be entered pursuant to the settlement between the parties.

 Gross leasable area (GLA) is defined by the Appraisal Institute, The Appraisal of Real Estate 226 (12th ed. 2001), as "[t]otal floor area designed for the occupancy and exclusive use of tenants, including basements and mezzanines; measured from the center of joint partitioning to the outside wall surfaces."

 It has not been alleged that Ordinance No. 2259-05 "is inconsistent with or not designed to effectuate the land use plan element of the master plan,” N.J.S.A 40:55D-16, which would have required an "affirmative vote of a majority of the full authorized membership of the governing body, with the reasons ... for so acting set forth in a resolution." N.J.S.A. 40:55D-62. Not only must that resolution be recorded in the minutes, ibid., it must also be filed with the county planning board along with the zoning ordinance. N.J.S.A. 40:55D-16.